UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JAMIE WILLIAMS, | : | Case No. 1:22-cv-469 |
| Plaintiff, | : | |
| vs. | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Elizabeth P. Deavers |
| YOUR HONORABLE JUDGE TOM HEEKIN, | : | |
| Defendant. | : | |

**REPORT AND RECOMMENDATION**

Jamie Williams, a state pre-trial detainee proceeding without the assistance of counsel, has filed a civil rights complaint with this Court. (ECF No. 1.) He has paid the filing fee required to commence this action. (ECF No. 3.) The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and General Order 22-05 regarding assignments and references to United States Magistrate Judges. It is currently before the Undersigned to conduct the initial screen of the Complaint required by law. 28 U.S.C. § 1915A(a).

**I.      Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," the Court is required to conduct an initial screen of his Complaint. 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29

(1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must also be dismissed if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)

and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.     Parties and Claims

Plaintiff Williams sues the Honorable Tom Heekin, Judge of the Hamilton County, Ohio, Court of Common Pleas. It appears that Judge Heekin is currently presiding over Williams' pending criminal matter(s) in that court. *See, e.g.,* the online docket of *State v. Williams,* C.P. No. B 2106072, available at https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=B+2106072&submit.x=16&submit.y=12 (accessed Oct. 4, 2022).[1]

Williams alleges that Judge Heekin violated his Fourth Amendment rights and provisions of the Ohio Code of Judicial Conduct during a December 21, 2021 bond revocation hearing. (ECF No. 1, PageID 1-3.) He allegedly did so by threatening to hold Williams in contempt if Williams did not provide a DNA sample that day. (ECF No. 1, PageID 2.) Williams further asserts that Judge Heekin subjects him to "intimidating stares, uncomfortable facial expressions, aggressive and impatient body language and bias/prejudice behavior" at every court date. (ECF No. 1, PageID 3.) He describes an instance where the alleged bias or prejudice resulted in the denial of his speedy trial rights. (ECF No. 1, PageID 4.) Williams asserts that Judge Heekin has completely ignored numerous motions notifying him of these and other violations. (*Id.*)

---

[1] This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Finally, Williams asserts that his attempt to appeal Judge Heekin's apparently oral decision denying him pretrial bond was dismissed because Judge Heekin refused, for eight months, to put a formal entry denying bond on the docket in the criminal case. (ECF No. 1, PageID 3.) *See also* Entry of Dismissal in *State v. Williams*, 1st Dist. Hamilton No. C 2200230, available at https://www.courtclerk.org/data/case_summary.php?sec=history&casenumber=C+2200230&submit.x=19&submit.y=18 (accessed Oct. 4, 2022).[2]

Williams does not articulate in the Complaint what remedy he seeks here.[3] Although the Complaint does not say, the Undersigned construes it as raising civil rights claims under 42 U.S.C. § 1983.[4] This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a cause of action under Section 1983, a plaintiff

---

[2] The July 14, 2022 Entry of Dismissal says:

> This matter is before the Court on the notice of appeal, filed by appellant Jamie Williams, pro se. Appellant is appealing the denial of bond in three pending cases in the trial court.
> Although an order denying bond is an immediately appealable order pursuant to R.C. 2937.222, the trial court has not yet put on an entry denying bond. An announcement of a decision is not a final appealable order until the judgment entry is filed. *State v. Tripodo*, 50 Ohio St.2d 124, 363 N.E.2d 719 (1977). Absent a final appealable order, this Court lacks jurisdiction to hear the appeal. The appeal is, therefore, dismissed. Costs taxed in accordance with App.R. 24.
> Appellant may re-file when a judgment entry denying bond is entered by the trial court.

[3] Williams previously filed a habeas corpus petition under 28 U.S.C. § 2241 in this Court, alleging that (among other things) Judge Heekin violated his Fourth Amendment rights by requiring him to submit a DNA sample, and also discussing bond revocation. *See Williams v. McGuffy,* S.D. Ohio No. 1:22-cv-17 (Petition, ECF No. 1, PageID 9-10.) The habeas corpus matter was dismissed for lack of prosecution on May 6, 2022.

[4] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

### III. Discussion

Williams' civil rights claims against Judge Heekin are barred by the doctrine of judicial immunity. "It is well established that judges are entitled to absolute judicial immunity from suits for money damages for *all actions taken in the judge's judicial capacity*, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco,* 502 U.S. 9 (1991) (emphasis added); *Foster v. Walsh,* 864 F.2d 416 (6th Cir. 1988)). This immunity also extends to suits for injunctive relief. *See Patrick v. Butzbaugh*, No. 1:08-cv-1075, 2009 WL 311073, at *2 (W.D. Mich. Feb. 6, 2009) (and cases cited therein). Judicial immunity shields judges "from undue interference with their duties and from potentially disabling threats of liability." *Harlow v. Fitzgerald*, 457 U.S. 800, 806 (1982). "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11.

Williams' Complaint targets only Judge Heekin's actions in the criminal case(s) against Williams. These actions were taken in Judge Heekin's judicial capacity and are "judicial acts." *See Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994) ("those [acts] that involve resolution of disputes between parties who have invoked the jurisdiction of a court" are judicial acts) (cleaned up); *Brown v. Hamilton Cnty., Ohio/Hamilton Cnty. Prosecutor's Off.*, No. 1:19-cv-969, 2021 WL 4451563, at *2-3 (S.D. Ohio Sept. 29, 2021) (where "each of the alleged actions about which Plaintiff complains occurred in the context of the criminal case brought against him," the defendant judge was immune and the claims against him dismissed). Here, Williams refers to

actions taken "in open court," "At said bond revoking hearing, in open court," events that occur at "every court date," and events occurring at specific times in court, such as at a suppression hearing, all with respect to the case(s) against Williams. (ECF No. 1, PageID 2-4.) The Complaint does not refer to or challenge any non-judicial acts by Judge Heekin.

Judges performing judicial acts have immunity as long as they have jurisdiction over the subject matter before them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)). Here, the Complaint alleges no facts to plausibly suggest that Judge Heekin entirely lacked subject matter jurisdiction over the criminal matter(s) against Williams. This exception, therefore, does not apply.

Finally, with respect to Williams' allegation the Judge Heekin is biased against him, the Undersigned notes that "[j]udicial immunity is not overcome by allegations of bad faith or malice." *Mireles*, 502 U.S. at 11 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly")); *Stump*, 435 U.S. at 356 ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Nor does such alleged bias mean that Judge Heekin's actions were taken outside his judicial capacity. *See King v. McCree*, 573 F. App'x 430, 441 (6th Cir. 2014) ("To the extent plaintiff may be alleging bias on the part of defendants that infected the fairness of their rulings and proceedings, plaintiff's allegations of bias or misconduct do not render the actions of defendants non-judicial.").

Because the allegations in the Complaint show that Judge Heekin was acting within his judicial capacity and there is no plausible argument that he entirely lacks jurisdiction over the

cases against Williams, Judge Heekin is immune from suit. The Complaint against him should be dismissed on this basis.[5]

**IV.    Conclusion and Recommended Disposition**

The undersigned Magistrate Judge, having screened the Complaint as required by 28 U.S.C. § 1915A, **THEREFORE RECOMMENDS THAT**:

1. This Court **DISMISS** the Complaint in its entirety with prejudice pursuant to 28 U.S.C. § 1915A(b).

2. The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and therefore, deny Williams leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Williams is **ADVISED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

---

[5] There appear to be several other reasons why this suit should not proceed. These reasons include: any claims for monetary damages against Judge Heekin in his official capacity are barred by the Eleventh Amendment (see *Brown*, 2021 WL 4451563, at *2-4 (and the adopted Report & Recommendation recommending dismissal of official-capacity claims against former Hamilton County judge)); a violation of the Ohio Code of Judicial Conduct does not create a private right of action and may not be pursued in a § 1983 action (*see Loriz v. Connaughton*, No. 1:05-cv-306, 2005 WL 8162497, at *6 (S.D. Ohio Dec. 29, 2005)); an Ohio statute permits the taking of DNA samples from certain arrested persons (*see* Ohio Revised Code § 2901.07, entitled "DNA testing of certain prisoners"); courts have generally found searches under similar state statutes not to offend the Fourth Amendment (*see, e.g., Maryland v. King*, 569 U.S. 435, 447 (2013) (search using buccal swab to obtain defendant's DNA sample after arrest for serious offense was reasonable under Fourth Amendment); *Wilson v. Collins*, 517 F.3d 421, 424-25 (6th Cir. 2008) ("Such Fourth Amendment challenges have been uniformly rejected by the courts, as the government's compelling interests in crime control have consistently been deemed to outweigh the plaintiffs' diminished privacy interests.")); and that federal courts may abstain from interfering with pending state criminal cases (*see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citing *Younger v. Harris*, 401 U.S. 37 (1971)) ("federal courts have the power to refrain from hearing cases that would interfere with a pending state criminal proceeding")).

**V.      Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


October 7, 2022                                             */s/ Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    UNITED STATES MAGISTRATE JUDGE